## GETMAN v. GETMAN.

(Supreme Court, Appellate Division, Third Department.   June 27, 1912.)

1. WILLS (§ 823*)—CONDITIONS—CONSTRUCTION AND OPERATION.

Where a farm was devised, charged with the board of a third person, the payment of a specified sum to her and the right on her part to occupy a portion of the house, the devisee by accepting the devise bound himself to perform its conditions.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2116; Dec. Dig. § 823.*]

2. WILLS (§ 826*)—CONDITIONS—PERFORMANCE.

After such third person had voluntarily left the farm and chosen to reside elsewhere, the devisee could not be put in default until a proper demand was made that she be allowed to reoccupy the house and be furnished with board.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2128–2138; Dec. Dig. § 826.*]

3. WILLS (§ 821*)—CONDITIONS—PERFORMANCE.

The devisee was not obliged to reside on the farm personally in order to furnish the board, nor to furnish it elsewhere than at the farm, and it was proper for him to lease the farm, reserving a portion of the house for the third person's occupancy and with a provision for her board.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2114–2119; Dec. Dig. § 821.*]

Appeal from Trial Term, Fulton County.

Action by Nancy Catherine Getman against Oliver Getman.   Judgment for defendant, and plaintiff appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Borden D. Smith, for appellant.
H. M. Eldridge, for respondent.

PER CURIAM.   The controversy between the parties as it then existed was properly disposed of by the learned trial court.   The plaintiff, however, has some rights under the will of her father which the defendant is bound to observe, and it is proper for us to define them as the plaintiff requests.

[1] The devise of the farm to the defendant was charged, with the board of the plaintiff and the right to occupy the specified portion of the house and the payment of the sum named.   The defendant accepted the devise and thereby bound himself to perform its conditions.

[2] He need not perform them, however, unless the plaintiff wished him to, and, she having voluntarily left the farm and chosen to reside elsewhere, the defendant could not be put in default until a proper demand was made that he allow the plaintiff to reoccupy her rooms in the house and that he furnish board to her.   The notice of January, 1911, was not sufficient for that purpose.

[3] The defendant appears to have recognized his obligation to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

do these things, for in his lease of the farm he reserved the rooms for plaintiff's occupancy and provided for her board.

There is no proof that the tenant was not a suitable person for the plaintiff to board and live with, and the defendant was not obliged to personally reside on the farm in order to furnish board for the plaintiff, nor to furnish it elsewhere if he was ready to furnish it at the farm.

It is necessary that the plaintiff make a new demand in order to put the defendant in default in case of refusal; and therefore we cannot modify the present judgment as suggested, but must affirm it, with costs.